UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

OCT 2 9 2008

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

IN RE:

JOSEPH DAVID PROKOP and
MARIA TERESA PROKOP,

    Debtors.
_____/

Case No.: 6:08-bk-02977-ABB
Chapter 7

MARY DOVER,

    Plaintiff,

v.

JOSEPH DAVID PROKOP and
MARIA TERESA PROKOP,

    Defendants.
_____/

Adv. Pro. No.: 6:08-ap-00140-ABB

MEMORANDUM OPINION GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came before the Court on the Complaint to Determine Dischargeability of Debt (Doc. No.1) filed by the Plaintiff, Mary Dover ("Plaintiff"), seeking to have a debt deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(6) and the Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings (Doc. No. 3) filed by Joseph David Prokop and Maria Teresa Prokop, the Defendants and Debtors herein (collectively, "Defendants"). An evidentiary hearing was held on October 6, 2008 at which counsel for the Plaintiff and counsel for the Defendants appeared. The Court makes the following findings and conclusions after reviewing the pleadings, the

documents on file in this matter, oral argument and being otherwise fully advised in the premises.

### *Plaintiff's Allegations*

Plaintiff alleges she was attacked and bitten by a pack of dogs belonging to Defendants while she was in the vicinity of a public highway. There is no allegation that Defendants were present at the time of the attack or that they directly participated in any manner in the action that caused damage to the Plaintiff. The Complaint alleges that the Defendants were cited (by some un-named authority) for failing to restrain their dogs and failing to exercise reasonable care of their dogs to prevent injuries and damages. It is also asserted that Defendants' dogs had previously attacked and killed livestock.

Plaintiff asserts that Defendants' had subjective knowledge that their actions or inactions in failing to restrain their animals were substantially likely to cause injury to others. Plaintiff characterizes Defendants' actions as "wrongful conduct," "willful mismanagement" of their animals, and "intentional misconduct" and concludes it rose to the level of willful and malicious injury. (Doc. No. 1). Plaintiff alleges she suffered physical and economic damages as a result thereof.

### *Defendants' Motion to Dismiss*

The Defendants seek dismissal of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b), or, in the alternative, for judgment on the pleadings pursuant to Federal Rule of Civil Procedures 12(c). The Defendants assert that given the accuracy of the facts pled in the Complaint, Defendants are entitled to judgment because the facts pled do not rise to the level of the "willful and malicious" injury required to avoid a discharge of Plaintiff's claims under 11 U.S.C. Section

523(a)(6). Because the Court grants relief herein pursuant to Federal rule of Civil Procedure 12(c), it is not necessary to discuss the alternative relief request pursuant to Rule 12 (b).

### *Standard for Judgment on the Pleadings*

The issue before the Court is whether Defendants are entitled to judgment pursuant to 11 U.S.C. Section 523(a)(6) assuming the allegations in the complaint are true. Pursuant to Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012:

> [a]fter the pleadings are closed but within such time as not to delay the trial. . . . a party may move for judgment on the pleadings.

FED. R. CIV. P.12(c).

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); Mergens v. Dreyfoos, 116 F.3d 1114, 1117 (11th Cir.1999). Facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. Cannon, 250 F.3d at 1301.

### *11 U.S.C. Section 523*

In a challenge to the dischargeability of a debt, the plaintiff must prove by a preponderance of the evidence that the debt is within one of the specifically enumerated exceptions under Section 523 of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 287 (1991). Without establishing the intent of the debtor, it is not possible to establish the

3

elements necessary pursuant to 11 U.S.C. Section 523(a)(6). Section 523 provides in pertinent part:

> (a)   A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11. U.S.C. § 523(a)(6).

Section 523(a)(6) provides any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. The United States Supreme Court ruled in Kawaauhau v. Geiger, 523 U.S. 57, 118 S. Ct. 974 (1998) that to establish the requisite willful and malicious intent of Section 523(a)(6), a plaintiff must establish by a preponderance of the evidence the injury was intentional— that the debtor intended the consequences of his or her act. The Supreme Court explained, because "willful" modifies "injury" in Section 523(a)(6), nondischargeability requires conduct that inflicts an injury intentionally and deliberately, "not merely . . . a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. at 61-2.

The Supreme Court recognized Congress could have chosen other words such as "reckless" or "negligent" to modify "injury." The Court likened (a)(6) to an intentional tort as distinguished from negligent or reckless torts, and the Court held "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of 523(a)(6)." Kawaauhau, 523 U.S. at 64. Assuming the allegations true, the Complaint does not allege the Defendants intended injury and intended the consequences of their acts. The facts presented in this case fall clearly within the holding of Kawaauhua.

Mismanagement of animals does not subject Defendants to an exception to discharge pursuant to Section 523(a)(6).

During the hearing on the Motion for Judgment, Plaintiff's attorney argued that a recent decision issued in this district, Miller v. Burns, 6:07-bk-02304-KSJ, 2008 WL 4542894 (Bkrtcy. M.D. Fla. August 8, 2008), supports Plaintiff's contention that debtors' failure to restrain their dogs caused a "willful and malicious injury" for the purposes of Section 523(a)(6), despite the ruling of the Supreme Court in Kawaauhau. Plaintiff's assertion is incorrect.

Other than the fact that both Burns and the instant case involve dog bites, they have nothing in common. The issue in Burns arose under a different section of the Bankruptcy Code (Section 522(q)(1)(B)(iv), which disallows an exemption from the bankruptcy estate to the extent of certain debt arising from "willful or reckless misconduct that caused serious physical injury or death to another individual."

In Burns, a creditor objected to exemptions arguing that the debtors were not entitled to claim the full value of their home exempt pursuant to Section 522(q)(1)(B)(iv). Judge Jenneman wrote the "…primary issue is whether the $500,000 judgment against the debtor's arose from their willful or reckless misconduct resulting in serious injuries…. The issue is unique to Section 522(q) of the Bankruptcy Code." Burns, 2008 WL 4542894, at 9 n.5.

The standard of conduct required in Section 523(a)(6) is distinguished from the standard of conduct required in Section 522(q)(1)(B)(iv). While the latter Section only requires "willful" conduct, the former Section requires a "willful *and malicious*" injury. Burns is inapposite to the facts in the instant case.

5

### *Defendants' Motion for Attorneys' Fees*

The Defendants request an award of their attorney's fees and costs pursuant to 11 U.S.C. Section 523(a)(d) on the basis the Plaintiff's Complaint is "not substantially justified." A litigant may recover attorney's fees and costs only where such an award is provided for by enforceable contract or statute. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975). A bankruptcy court may award sanctions in an adversary proceeding pursuant to applicable law. In re Wille, 333 B.R. 891, 893 (Bankr. M.D. Fla. 2005).

Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Defendants' Motion (Doc. No. 3) is hereby **GRANTED** and the Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Defendants' request for an award of fees and costs will be considered by the Court. Defendants are directed to file and serve on the Plaintiff, within seven (7) days of the entry of this Order, a memorandum setting forth the basis upon which attorney's fees and costs they have incurred in this adversary proceeding should be taxed and a detailed fee and cost statement. Plaintiff shall have seven (7) days to respond. The Court will rule on the attorney's fees issue in a separate judgment to be entered thereafter.

A separate Judgment on the Pleadings in favor of the Defendants and against the Plaintiff consistent with this Memorandum Opinion shall be entered contemporaneously.

Dated this 29th day of October 2008

ARTHUR B. BRISKMAN
United States Bankruptcy Judge